**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

| | |
|---|---|
| RON D. HILL, | |
| Petitioner, | Civil Action No. 6:13-194-DLB |
| v. | |
| J. C. HOLLAND, Warden, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Ron D. Hill is an inmate confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky.[1] Proceeding *pro se*, Hill has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the amount of jail time credit the Bureau of Prisons ("BOP") has applied to his sentence. (Doc. # 1). Hill claims that the BOP has failed to award him credit on his sentence for the time from October 6, 2011, when he was released from state custody to the U. S. Marshal, to August 6, 2012, when he arrived at the BOP's intake center, a period of 10 months. Hill seeks this additional time applied to his federal sentence.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §

---

[1] Presently, J. C. Holland is the Warden of USP-McCreary. Shannon Withers is no longer the Acting Warden at USP-McCreary. The Clerk of the Court will be instructed to amend the CM/ECF docket sheet to substitute J. C. Holland, Warden, for Shannon Withers, Acting Warden, as the Respondent in this proceeding.

2241 petitions under Rule 1(b)). The Court evaluates Hill's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Hill's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**I**

This action concerns (1) the interplay of federal and state sentences, (2) determining when one is in federal custody and/or state custody, (3) determining when a consecutive, federal sentence begins to run, and (4) BOP Program Statement 5880.28 ("PS 5880.28). In order to determine whether Hill is entitled to any additional jail time credit awarded against his federal sentence, a brief, chronological summary of Hill's state and federal charges, convictions, and the respective sentences he has received and has served or is currently serving is necessary. That chronology follows:

**July 27, 2010** - a criminal complaint was filed against Hill in the 22nd Judicial Circuit in Missouri Circuit Court.[2] *See State v. Ron Damron Hill*, No. 1022-CR-0871. Hill was arrested on these state charges, a bond hearing was held in state court, and Hill was detained in state custody. Bond was set at $125,000.00.

**August 24, 2010** - a Missouri state grand jury indicted Hill on the charges contained in the foregoing criminal complaint. He was arraigned and trial was scheduled for October 18, 2010, and then was rescheduled to November 15, 2010. *Id.*

---

[2] Per the information contained in the BOP's Sentencing Monitoring Computation Data ("SMCD"), the state of Missouri charged Hill with Tampering First-Degree With a Motor Vehicle, Resisting Arrest, Leaving the Scene of an Accident, Unlawful Use of a Weapon, and Possession of a Defaced Firearm. (Doc. # 7-2, p. 4).

**November 4, 2010** - prior to Hill's state court trial scheduled for November 15, 2010, he was indicted in federal court and was charged in a two-count indictment, for offenses occurring on July 26, 2010, with (1) being a felon and knowingly possessing a firearm that had traveled in interstate commerce, (2) being in possession of a firearm from which the manufacturer's serial number had been removed, obliterated, or altered, violations of 18 U.S.C. §§ 922(g)(1) and 922(k), respectively. *United States v. Ron D. Hill*, No. 4:10-CR-00565 (E.D. Mo. 2010). (Doc. # 1 therein).

**March 15, 2011 -** Hill entered into a plea agreement with the United States on the federal charges and pled guilty to being a felon in possession of a firearm, Count 1 of the indictment. The United States agreed to dismiss Count 2 of the indictment at sentencing. *Id*.

**August 3, 2011 -** Hill was sentenced on the federal indictment and received a 57-month sentence of imprisonment, to be followed by a two-year term of supervised release. On motion of the United States, Count 2 of the indictment was dismissed. (*Id*. at Doc. # 77 therein).

**October 5, 2011 -** Hill was sentenced on the state court charges. He received a four-year sentence, and the court ordered that this state sentence was to run concurrently with his federal sentence.[3] On this same date, the Missouri state court ordered that Hill be released to the custody of the U.S. Marshal to begin service of his federal sentence. *See State v. Ron Damron Hill*, No. 1022-CR-0871, Order at Docket Entry dated 10/05/2011. (Doc. # 7-2 herein). The docket sheet in Hill's state case also reflects that on October 20, 2011, an Order was entered releasing Hill on his own recognizance. *Id.,* Order at Docket Entry dated 10/20/2011. Thus, it is not entirely clear exactly when Hill was released from state custody.

---

[3] Although Hill's state sentence was ordered to run concurrently with his federal sentence, the federal sentence had not begun to run at that time (October 5, 2011) because, as a matter of law, Hill had remained continuously in state custody since his arrest on the state court charges on July 27, 2010.

3

## A.     DOCTRINE OF PRIMARY CUSTODIAL JURISDICTION

The state of Missouri charged Hill with criminal offenses before he was charged with any federal offenses. For that reason, the state of Missouri had primary jurisdiction over Hill, and he remained in the primary custody of Missouri, even after being charged with federal offenses.

The concept of primary custodial jurisdiction is grounded in *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). In *Ponzi*, the Supreme Court held that the question of which sovereign exercises custodial jurisdiction over an individual charged with crimes against two sovereigns was a matter of comity between the two sovereigns. It is well-settled that primary custodial jurisdiction remains vested in the sovereign that firsts arrests the defendant until that sovereign relinquishes its priority over the defendant. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *Roche v. Sizer*, 675 F.2d 507, 509-510 (2nd Cir. 1982). Courts have uniformly held that primary custody remains with the sovereign that initially arrested a prisoner, even when the prisoner is taken elsewhere by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. *See United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991) (stating that "official detention" in 18 U.S.C. § 3585–the successor statute to § 3586–means "physical incarceration"); *Huffman v. Perez*, No. 99-6700, 2000 WL1478368 (E.D. Ky., Sept. 27, 2000) (noting that defendant spent 26½ months primarily in the custody of North Carolina and secondarily in the custody of the U.S. Marshal's Service pursuant to the writ of habeas corpus *ad prosequendum*).

In the present action, while Hill was in the primary custody of Missouri, he was "borrowed" from the state of Missouri, pursuant to a writ of habeas corpus *ad prosequendum*, for purposes of appearing in federal court on various proceedings related to the federal charges. However, as noted

above, the temporary removal or transfer of a prisoner from state custody to federal authorities, in compliance with a writ of habeas corpus *ad prosequendum*, does not operate to transfer primary custodial jurisdiction from the state to federal authorities. In short, such a transfer does not alter the fact that the prisoner remains in the primary custody of the state. *See, e.g., Easley v. Stepp*, 5 F. App'x 541 (7th Cir. 2001).

Generally, primary jurisdiction can be relinquished by operation of law, such as bail release, dismissal of the state charges, parole release, or expiration of state sentence. *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa. 1996). Also, primary jurisdiction may also be relinquished by the mutual agreement of the two custodial jurisdictions. *United States v. McCrary*, 220 F.3d 868 (8th Cir. 2000); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997). Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish its jurisdiction to another sovereign, if that sovereign accepts. This discretionary election is an executive function of the two sovereigns. *Poland*, 117 F.3d at 1098. In Hill's case, Missouri did not relinquish its primary custodial jurisdiction over him to the United States.

**B.    HILL'S STATE AND FEDERAL SENTENCES**

**1.    The August 3, 2011 federal sentence**

Hill's federal criminal case was resolved prior to the resolution of his state criminal proceedings. On August 3, 2011, Hill was sentenced on the federal indictment and received a 57-month sentence of imprisonment, to be followed by a two-year term of supervised release. However, at that time, Hill was still in the primary custody of Missouri, where he had been since his arrest on the state charges on July 27, 2010, as those state charges were still pending against him.

5

Because he was in state custody at the time the federal sentence was imposed, as a matter of law, the federal sentence did not begin to run on that date.

The federal court was silent on the issue of concurrent or consecutive sentences. Thus, pursuant to 18 U.S.C. § 3584, the federal sentence imposed on August 3, 2011, was a consecutive sentence; therefore, it did not begin to run on August 3, 2011, and would never have commenced so long as Hill remained in state custody. Although not entirely clear from the record when Hill was released from state custody, the SMCD attached to Hill's habeas petition reflects that he was committed to the custody of the BOP on August 6, 2012, and as discussed in detail later herein, the BOP has awarded him a total of 502 days prior jail time credit on his federal sentence.[4]

**2.      The October 5, 2011 state sentence**

Hill's state criminal case was resolved on October 5, 2011. He received a four-year sentence, and the court ordered that this state sentence run concurrently with his federal sentence.[5]

On this same date, the Missouri state court ordered that Hill be released to the custody of the U.S. Marshal to begin service of his federal sentence. *See State v. Ron Damron Hill*, No. 1022-CR-0871, Order at Docket Entry dated 10/05/2011. (Doc. # 7-2 herein). The docket sheet in Hill's state case also reflects that on October 20, 2011, an Order was entered releasing Hill on his own recognizance. *Id.*; Order at Docket Entry dated 10/20/2011. Thus, it is not entirely clear exactly when Hill was released from state custody.

---

[4] Per the Inmate Locator feature on the BOP's website, Hill's projected release date is February 3, 2015. *See* http://www.bop.gov (last checked on February 18, 2014).

[5] To reiterate, even though Hill's state sentence was ordered to run concurrently with his federal sentence, the federal sentence had not begun to run at that time because, as a matter of law, Hill had remained continuously in state custody following his arrest on the state court charges on July 27, 2010.

## C. STATUTORY AUTHORITY

As pointed out in BOP PS 5880.28, prior custody time credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b)(emphasis added).

Pursuant to the foregoing statute, a defendant is only entitled to credit for time "that has not been credited against another sentence." In essence, Section 3585(b) prohibits awarding dual credit on a federal sentence. Under the statute, the Attorney General, through the BOP, is authorized to grant credit for any presentence detention to a prisoner. *See, e.g., United States v. Wilson*, 503 U.S. 329, 333-35 (1992). However, a federal inmate is not entitled to any credit for time attributed to a state sentence. *Wilson*, 503 U.S. at 337 (1992); *Nguyen v. Department of Justice*, No. 97-6489, 1999 WL 96740, (6th Cir., Feb. 3,1999) (time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence). The Sixth Circuit has consistently held that if a prisoner received credit towards his state sentence for the time spent in detention, he may not also receive prior custody credit for this same time toward his federal sentence. *See e.g., Huffman*, 230 F.3d at 1358; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002).

The federal indictment returned against Hill on November 4, 2010, charges that his federal offenses occurred on or about July 26, 2010. As seen from the chronology set out above, on the date of the federal indictment, Hill was in state custody, where he had been since his arrest on July 27, 2010, and he was still in state custody on August 3, 2011, when his 57-month federal sentence was imposed. Per the information contained in the BOP's SMCD attached to Hill's habeas petition, he was committed to the custody of the BOP on August 6, 2012 (Doc. # 7-2, p. 2), and he has been awarded jail credit on his federal sentence from July 26, 2010 through October 4, 2011, and from January 31, 2012 through April 5, 2012, a total of 502 days. (Doc. # 7-2, p. 3).

## II

The state court record in Hill's criminal case in Missouri reflects that on October 5, 2011, the date of his sentencing in state court, an order was issued releasing him to the U.S. Marshal to begin service of his federal sentence. (Doc. # 7-2, p. 1). In his memorandum in support of the petition, Hill states that the federal marshal took custody of him on that day and that he was held in transit until August 2012, when he was delivered to the custody of the BOP. (Doc. # 7-1, p. 2). Assuming the truthfulness of that statement, it is unclear why the BOP has not awarded him credit for time served on his federal sentence from that date, October 5, 2011, until the time he was committed to the BOP's custody on August 6, 2012.[6]

---

[6] As noted earlier herein, the BOP awarded Hill prior credit time on his federal sentence for the period of time from January 31, 2012 through April 5, 2012. (Doc. # 7-2, p. 3). If Hill had been released to the U.S. Marshal on October 5, 2011, and was "in transit" until August 6, 2012, logically, it would seem that he is also entitled to prior credit time for the entire period of time from October 5, 2011 through August 6, 2011, the date he was committed to the BOP's custody.

8

The sole issue presented in Hill's § 2241 petition is whether the BOP has failed to award him prior jail credit time for the following two periods of time: (1) from October 5, 2011 through January 30, 2012, and (2) from April 6, 2012 through August 6, 2012.[7]

Hill has provided no other facts in support of his claim. He states that he has exhausted his administrative remedies, but his petition is unaccompanied by any documentation evidencing the exhaustion process detailed in the BOP's regulations set forth in 28 C.F.R. §§ 542.10-19. Federal prisoners must exhaust their administrative remedies before they may file a § 2241 petition, *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006), but the Sixth Circuit has recently held that because exhaustion is an affirmative defense both generally and in the context of prisoner lawsuits, district courts may not *sua sponte* dismiss a § 2241 petition where it appears that the prisoner has not exhausted his administrative remedies. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

Having completed the initial evaluation required by Rule 4, the Court concludes that Hill's sentence-credit claim warrants a response from the Respondent. *See* R. Governing § 2254 Cases 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). Accordingly,

**IT IS ORDERED** as follows:

(1) The Clerk of the Court shall **SUBSTITUTE** J. C. Holland, Warden, for Shannon Withers, Acting Warden, USP-McCreary, as the Respondent;

---

[7] In his petition, Hill claims that he is entitled to prior jail credit time for the time from October 6, 2011 to August 6, 2012, a period of ten months. However, the BOP has already given him prior jail credit time for the period from January 31, 2012 through April 5, 2012. Thus, clearly he is not entitled to the requested relief of an additional ten months of prior jail time credit, as he as already been given credit for a portion of this period of time.

9

(2) The Clerk of the Court shall, by certified mail, send a copy of the petition (Doc. # 7) and all attachments thereto, and this Order, to (a) Respondent J. C. Holland, Warden of USP-McCreary, (b) the Attorney General for the United States, and © the United States Attorney for the Eastern District of Kentucky;

(3) Within sixty (60) days of the date of entry of this Order, Respondent Holland must file a response to the § 2241 petition. The response shall be in the form of a memorandum addressing the factual allegations and legal claims contained in the petition and attachments. A formal motion to dismiss or for summary judgment is not necessary or appropriate for these proceedings. The Respondent shall also include as attachments any documentary evidence relevant to Petitioner Ron D. Hill's claim;

(4) Hill must keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case;

(5) Hill must send a copy of every document he files to the Respondent or his attorney. **The original document which Hill files with the Court must include his statement certifying that he has done so and the date the document was mailed to the Respondent. The Court will disregard any document filed without the required certification**; and

(6) Hill must communicate with the Court solely through notices or motions filed with the Court. **The Court will disregard correspondence sent directly to this Judge's chambers**.

This 21st day of February, 2014.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\London\2013\13-194 MOO Ordering 2241 Response.wpd