UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

RON D. HILL,

    Petitioner,

v.

J. C. HOLLAND, Warden,

    Respondent.

Civil Action No. 6:13-194-DLB

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Ron D. Hill is a federal inmate, formerly confined in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky.[1] While confined at USP-McCreary, Hill filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the amount of jail time credit the Bureau of Prisons ("BOP") has applied to his sentence. [R. 1] Hill claims that the BOP has failed to award him credit on his sentence for time served between October 6, 2011, when he was released from state custody to the U. S. Marshal, and August 6,

---

[1] Hill has not notified the Court of his current address. According to the Inmate Locator feature on the BOP's website, www.bop.gov., Hill has been transferred from USP-McCreary and is currently residing in the BOP's St. Louis Residential Reentry facility located in St. Louis, Missouri.

2012, when he arrived at the BOP's intake center. Hill seeks to apply this 10 month period of time to his federal sentence.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Hill's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Hill's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**I**

This action implicates the following issues: (1) the interplay of federal and state sentences; (2) determining when one is in federal custody and/or state custody; (3) determining when a consecutive, federal sentence begins to run; and (4) BOP Program Statement 5880.28 ("PS 5880.28). In order to determine whether Hill is entitled to any additional jail time credit awarded against his federal sentence, a brief chronological summary of Hill's state and federal charges, convictions and sentences is necessary. That chronology follows:

**July 26, 2010** - Hill was arrested by the St. Louis Metropolitan Police Department in St. Louis and charged in the 22nd Judicial Circuit in Missouri Circuit Court with Tampering First Degree with a Motor Vehicle, Resisting Arrest, Leaving the Scene of an Accident, Unlawful Use of a Weapon, Possession of a Defaced Firearm, and Petty Larceny. *See State v. Ron Damron*

*Hill*, No. 1022-CR-03871. A bond hearing was held in state court, and Hill was detained in state custody. Bond was set at $125,000.00.

**August 24, 2010** - A Missouri state grand jury indicted Hill on the charges contained in the foregoing criminal complaint filed on July 26, 2010. He was arraigned and trial was scheduled for October 18, 2010, and then was rescheduled to November 15, 2010. *Id.*

**November 4, 2010** - Prior to Hill's state court trial scheduled for November 15, 2010, he was indicted in federal court and was charged in a two-count indictment with (1) being a felon and knowingly possessing a firearm that had traveled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1); and (2) being in possession of a firearm from which the manufacturer's serial number had been removed, obliterated, or altered, violations of 18 U.S.C. § 922(k). The alleged offenses occurred on July 26, 2010. *United States v. Ron D. Hill*, No. 4:10-CR-00565 (E.D. Mo. 2010) [R. 1 therein].

**November 10, 2010** - Hill was taken into federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum for appearance in court on the federal charges. See Exhibit 1 to Response to Petition for Writ of Habeas Corpus - [Declaration of Patrick Liotti, Attachment C (USMS Prisoner Tracking System)] - R. 15-2, pp. 8-10.[2]

**March 15, 2011 -** Hill entered into a plea agreement with the United States on the federal charges and pled guilty to Count 1 of the indictment, being a felon in possession of a firearm. The United States agreed to dismiss Count 2 of the indictment at sentencing. *United States v. Ron D. Hill*, No. 4:10-CR-00565 (E.D. Mo. 2010).

---

[2] Since Hill was taken into temporary federal custody on the Writ of Habeas Corpus Ad Prosequendum on November 10, 2010, he was unavailable to proceed to trial on the state court charges that had previously been scheduled for November 15, 2010.

**August 3, 2011 -** Hill was sentenced on the federal indictment and received a 57-month sentence of imprisonment, to be followed by a two-year term of supervised release. On motion of the United States, Count 2 of the indictment was dismissed. [*Id.* at R. 77 therein]. Following sentencing, Hill was returned to state authorities, and the federal court Judgment was filed as a detainer. See Exhibit 1 to Response to Petition for Writ of Habeas Corpus - [Declaration of Patrick Liotti, Attachment D] - R. 15-2, pp. 11-16.

**October 5, 2011 -** Hill was sentenced on the state court charges.[3] He received a four-year sentence, and the court ordered that this state sentence run concurrently with his federal sentence.[4] On this same date, the Missouri state court ordered that Hill be released to the custody of the U.S. Marshal to begin service of his federal sentence. See Exhibit 1 to Response to Petition for Writ of Habeas Corpus - [Declaration of Patrick Liotti, Attachment E] - R. 15-3, pp. 1-5.

**January 30, 2012** - Hill was released on parole from the State of Missouri; however, Hill was not released to the federal detainer until April 6, 2012, the date Hill was taken into custody by the U.S. Marshal's Service. See Exhibit 1 to Response to Petition for Writ of Habeas Corpus - [Declaration of Patrick Liotti, Attachments G and C thereto] - R. 15-3. The docket sheet in Hill's state case also reflects that on January 30, 2012, the Missouri state court released Hill on his own recognizance. See Exhibit 1 to Response to Petition for Writ of Habeas Corpus - [Declaration of Patrick Liotti, Attachment G thereto] - R. 15-3, p. 8.

---

[3] At some time after being returned to state custody, Hill elected to plead guilty to the state court charges.

[4] Although Hill's state sentence was ordered to run concurrently with his federal sentence, the federal sentence had not begun to run at that time (October 5, 2011) because, as a matter of law, Hill had remained continuously in state custody since his arrest on the state court charges on July 26, 2010.

**II**

Prior to filing the present habeas petition, Hill pursued and exhausted his administrative remedies in compliance with the BOP's three-tiered Administrative Remedy Program. See 28 C.F.R. § 542.10, *et seq*. The BOP denied Hill's claim that he was entitled to custody credit towards his federal sentence, explaining its decision as follows:

> This is in response to your Central Office Administrative Remedy Appeal wherein you claim you should receive additional jail credit for time served in state custody. Specifically, you contend credit on your federal sentence should begin in 2010.
>
> You provide no new information in this matter beyond that which you supplied at the Institution and regional office levels. A review of your record reveals on July 26, 2010, you were arrested by the St. Louis Metropolitan Police Department. You were charged with Tampering First Degree with a Motor Vehicle, Resisting Arrest, Leaving the Scene of an Accident, Unlawful Use of a Weapon, Possession of a Defaced Firearm, and Petty Larceny. While in state custody, you were temporarily transferred to the custody of the United States Marshals Service (USMS) pursuant to a Writ of Habeas Corpus Ad Prosequendum.
>
> On August 3, 2011, you were sentenced in the Eastern District of Missouri to a 57-month term of imprisonment for Having Been Previously Convicted of a Felony Crime, Did Knowingly Possess a Firearm. After sentencing you were returned to state custody.
>
> You were sentenced on October 5, 2011, by the State of Missouri to a 4-year term of imprisonment to be served in the Missouri Department of Corrections. On January 30, 2012, you were released from your state sentence and held until released to the USMS on April 6, 2012, to commence your federal sentence.
>
> Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), states in part, "time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting pre-sentence time. The federal court merely borrows the prisoner under the provisions of the writ for secondary custody." The credit that you are requesting was awarded towards your state sentence; therefore, this credit is not applicable credit toward your federal sentence pursuant to Title 18 U.S.C. § 3585(b).
>
> Records reveal your federal sentence was computed to commence on April 6, 2012, the date you came into exclusive federal custody. Prior custody jail credit was applied to your federal sentence from January 31, 2012 through April 5, 2012, that was not credited towards your state sentence. Also, prior custody

credit was applied to your federal sentence from July 26, 2010, through October 4, 2011, as a result of case law, Willis v. U.S., 438 F.2d 923 (5th Cir. 1971).

Title 18 U.S.C. § 3585(b) and Program Statement 5880.28 state in part, "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentences [sic] commences that has not been credited against another sentence." Credit you request was awarded towards your state sentence; therefore, this credit is not applicable credit toward your federal sentence pursuant to Title 18 U.S.C. § 3585(b).

We find you sentence has been computed as directed by federal statute and Bureau of Prisons Program Statement 5880.28.

See Exhibit 2 to Response to Petition for Writ of Habeas Corpus - [Declaration of Carlos J. Martinez, Attachment B thereto] - R. 15-4, pp. 15-16.

### III

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by 18 U.S.C. § 3585:

(a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585. (emphasis supplied). The BOP implements Section 3585 through Program Statement 5880.28.

When one violates the criminal laws of two or more sovereigns, the first sovereign to arrest the defendant obtains "primary custody" over him, which entitles that sovereign to require the defendant to serve his criminal sentence imposed by it first. *Ponzi v. Fessenden*, 258 U.S. 254 (1922). This primary custody remains until the sovereign expressly relinquishes its control over the person, *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982), which may be shown where it dismisses all the charges against him or releases the defendant upon service of the sentence imposed or to parole. *Berry v. Sullivan*, 2007 WL 4570315, at *2 (D.N.J. 2007).

Hill's arrest on state charges in Missouri on July 26, 2010 placed him in the primary custody of the State of Missouri. The fact that he was temporarily transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum* for prosecution on the federal indictment did not cause Missouri to relinquish primary custody. *Easley v. Steep*, 5 F. App'x 541, 543 (7th Cir. 2001). Following his sentencing on the federal charges, Hill was properly returned to state custody, as he had remained in the primary custody of Missouri, for resolution of the state charges against him.

The BOP correctly denied Hill's request for additional credit on his sentence and succinctly explained the reason for that denial, as noted above. Hill's habeas petition is precluded by 18 U.S.C. § 3585(b) because he remained in the primary custody of Missouri, even though he had physically been "borrowed" from Missouri on a writ of habeas corpus *ad prosequendum* relative to his federal proceedings, and he continued to receive credit on his state sentence at all times during the time that he was out on the writ. Once he had served his state sentence, he was released to begin service of his 57-month consecutive federal sentence. Hill

simply fails to appreciate that, although he was sentenced on the federal charges first, while the state charges were still pending, his federal sentence did not commence on the date of sentencing because he was in the primary custody of Missouri at that time. This circumstance precluded the federal sentence from commencing until he had been released from state custody and taken into exclusive federal custody.

Since the record does not establish that Hill is entitled to additional credit, his petition does not provide a basis for relief. Accordingly, the Court will dismiss his petition.

**IV**

For the reasons discussed above, it is hereby **ORDERED** as follows:

1. Petitioner Ron D. Hill's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Clerk of the Court is directed to send Hill a copy of this Memorandum Opinion and Order to his current address of record **and** to Hill at his present BOP address:

> Ron D. Hill, #33147-044
> RRM St. Louis
> Residential Reentry Office
> 1222 Spruce St., Ste 6.101
> St. Louis, MO 63103

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 30th day of October, 2014.



G:DATA/ORDERS/London/2013/13-194 Order Dismissing 2241